IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIVIL CASE NO._____

CENTENNIAL BANK, an Arkansas banking
corporation, successor by merger to LANDMARK
BANK, N.A.,

    Plaintiff,

v.

G & A MIAMI, LLC, a Florida limited
liability company, HAIM YEHEZKEL,
individually and ABRAHAM KRAMER,
individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, CENTENNIAL BANK, an Arkansas banking corporation, successor by merger to LANDMARK BANK, N.A., by and through its undersigned counsel, hereby files this Complaint against Defendants, G & A MIAMI, LLC, a Florida limited liability company, HAIM YEHEZKEL, individually and ABRAHAM KRAMER, individually, and in further support thereof, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action for damages under guaranties (as defined below) between Plaintiff, CENTENNIAL BANK, an Arkansas banking corporation, successor by merger to LANDMARK BANK, N.A., and the Defendants. Compensatory damages are in excess of $75,000.00, exclusive of interest, court costs and attorneys' fees.

2. Plaintiff, CENTENNIAL BANK ("Plaintiff" or "CENTENNIAL BANK"), is an Arkansas banking corporation that is the successor by merger to LANDMARK BANK, N.A., is

doing business in Miami-Dade County, Florida and is authorized to bring this action in all respects as the present holder of the relevant obligations and guaranties being sued upon herein.

3. Defendant, G & A MIAMI, LLC ("G & A MIAMI"), at all relevant times hereto was and is a Florida limited liability company doing business located in and doing business in Miami-Dade County, Florida and is sui juris in all respects. G & A MIAMI may be served in Miami-Dade, Florida and is a resident of the State of Florida for purposes of establishing diversity jurisdiction.

4. Defendant, HAIM YEHEZKEL, individually ("YEHEZKEL"), at all relevant times hereto was and is an individual residing in Miami-Dade County, Florida, doing business in Miami-Dade County, Florida and is sui juris in all respects. YEHEZKEL may be served in Miami-Dade County, Florida and is a resident of the State of Florida for purposes of establishing diversity jurisdiction.

5. Defendant, ABRAHAM KRAMER, individually ("KRAMER"), at all relevant times hereto was and is an individual residing in Miami-Dade County, Florida, doing business in Miami-Dade County, Florida and is sui juris in all respects. KRAMER may be served in Miami-Dade County, Florida and is a resident of the State of Florida for purposes of establishing diversity jurisdiction.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. §1332 (a), this Court has diversity jurisdiction over this action as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, attorneys' fees and costs.

7. Specifically, there is complete diversity between the parties because the Plaintiff is an Arkansas citizen, and the Defendants are citizens of Florida.

8. This Court has personal jurisdiction over the parties, as all Defendants are residents of the State of Florida.

9. Under 28 U.S.C. §1391(a), venue is proper in this Court since a substantial part of the events or omissions giving rise to the claims, set forth herein, occurred in the Southern District of Florida.

10. All conditions precedent to the institution and maintenance of this action have been performed, waived or excused.

## GENERAL ALLEGATIONS – TOWNHOUSE HOTEL PROMISSORY NOTE, MORTGAGE AND GUARANTIES

11. On or about January 30, 2013, TOWNHOUSE HOTEL, LLC, a Florida limited liability company ("TOWNHOUSE HOTEL") entered into a loan (the "Original Loan") with LANDMARK BANK, N.A., Plaintiff's predecessor in interest ("LANDMARK BANK"), as evidenced by that certain Promissory Note dated as of January 30, 2013, executed by TOWNHOUSE HOTEL in favor of and payable to LANDMARK BANK in the original principal amount of $2,500,000.00 (the "Original Note").

12. At that time, the Original Note was secured, in part, by that certain Leasehold Real Estate Mortgage, Assignment and Security Agreement With Landlords Consent dated January 30, 2013 from TOWNHOUSE HOTEL in favor of LANDMARK BANK, recorded in Official Records Book 28471, Page 3032, of the Public Records of Miami-Dade County, Florida, as later modified by that certain First Leasehold Mortgage Modification and Future Advance Agreement, recorded in Official Records Book 30240, Page 0199, of the Public Records of Miami-Dade County, Florida (as amended and modified to date, the "Mortgage").

13. The commercial leasehold that was the subject of the Mortgage related to that real property located at 150-20th Street, Miami Beach, Florida in Miami-Dade County, Florida, and

the premises thereto commonly known as "Town House Hotel" (the "Premises"), being leased to TOWNHOUSE HOTEL by UNIVERSAL INVESTMENTS UNLIMITED, INC., a Florida corporation, as landlord ("UNIVERSAL" or "Landlord") under that certain Lease Agreement dated May 3, 1999 (as amended to date, the "Lease").

14.     On or about September 21, 2016, TOWNHOUSE HOTEL sought to have LANDMARK BANK agree to modify the Original Loan and make a future advance to TOWNHOUSE HOTEL in the original principal amount of $250,000.00 (the "Future Advance"), as evidenced by that certain Restated, Future Advance and Consolidation Promissory Note dated September 21, 2016 from TOWNHOUSE HOTEL in favor of LANDMARK BANK in the principal amount of $2,507,888.49 (as the same may be amended or modified from time to time, the "Note").

15.     The Note amended, restated, replaced, increased and superseded the Original Note, in its entirety, with the Note being secured, in part, by the Mortgage, which encumbers certain real property interests more particularly described therein.

16.     The Note is also partially secured by various UCC-1 Financing Statements, an Environmental Indemnity Agreement, Assignment of Leases, Rents and Licenses, Collateral Assignment of Contracts and License Rights, and other similar materials.

17.     As additional security for the Original Note and Original Loan, each of G & A MIAMI, LLC, a Florida limited liability company, HAIM YEHEZKEL, individually and ABRAHAM KRAMER, individually, executed and delivered to LANDMARK BANK a respective Guaranty of Payment and Performance dated as of January 30, 2013 (collectively, the "Original Guaranties"). G & A MIAMI, LLC, a Florida limited liability company, HAIM

4

YEHEZKEL, individually and ABRAHAM KRAMER, individually are sometimes collectively referred to herein as the "Guarantors".

18. On or about September 21, 2016, as part of the above-described modification of the Original Loan and making of a future advance to TOWNHOUSE HOTEL, the Original Guaranties were ratified by each of the Guarantors under their respective Ratification of Guaranty of Payment and Performance agreement, being executed and delivered to LANDMARK BANK thereto (collectively, the "Guaranty Ratifications", and together with the Original Guaranties being the "Guaranties").

19. The Note, Mortgage, Guaranties, and all related materials reflect the terms of the Original Loan, as modified to date (the "Loan"), and are defined as being the "Loan Documents". Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Loan Documents.

20. CENTENNIAL BANK owns and holds all rights accruing under the Note and other Loan Documents referenced above as a result of its succession by merger to all right, title and interest of LANDMARK BANK in and to said instruments.

## DEFAULTS UNDER THE NOTE AND GUARANTIES

21. Subsequent to the creation and closing of the Loan, on or about July, 2020, CENTENNIAL BANK came to learn that TOWNHOUSE HOTEL had defaulted in its obligation to pay rent and other charges due under the Lease to the Landlord and that said failure has existed for over thirty (30) days, which failure constituted an Event of Default under Section 20(r) of the Mortgage.

22. In addition, CENTENNIAL BANK came to learn that the Landlord elected to terminate the Lease pursuant to its June 25, 2020 letter, which itself constituted an involuntary

5

disposal of the Collateral which was an additional Event of Default under Section 30 of the Mortgage.

23. Since the occurrence of each Event of Default constituted an Event of Default under the Note and other the Loan Documents, Plaintiff declared the Loan to be in default and accelerated all sums due under the Loan in accordance with the Loan Documents in a letter dated July 23, 2020, a true and correct copy of which is attached hereto as **Exhibit "A"**.

24. Defendants failed to make the payment required by Plaintiff's demand.

25. There is now due, owing and unpaid to CENTENNIAL BANK the principal amount of $2,180,360.02, as well as interest, other late fees, attorneys' fees or other costs that may be incurred and due under the Loan, including interest that will accrue as provided for under the Loan Documents as of July 22, 2020 at the default rate of 23 % per annum, as allowed under the applicable Loan Documents.

26. CENTENNIAL BANK has obligated itself to pay the undersigned attorneys a reasonable fee for their services rendered herein, and pursuant to the Note, Guaranties and Loan Documents, CENTENNIAL BANK is entitled to an award of such attorneys' fees and costs from each of the Defendants, who are jointly and severally obligated to pay all amounts due Plaintiff.

## COUNT I –BREACH OF GUARANTY—G & A MIAMI

27. CENTENNIAL BANK hereby re-alleges those allegations contained in paragraphs 1 through 26 as if set forth fully herein.

28. On or about January 30, 2013, G & A MIAMI executed and delivered in favor of LANDMARK BANK a Guaranty of Payment and Performance with respect to the Original Loan and Original Note ("Original G & A Guaranty").

29. On or about September 21, 2016, as part of the above-described modification of the Original Loan and making of a future advance to TOWNHOUSE HOTEL, G & A MIAMI executed and delivered in favor of LANDMARK BANK a Ratification of Guaranty of Payment and Performance agreement ("G & A Guaranty Ratification").

30. The Original G & A Guaranty and the G & A Guaranty Ratification are collectively the "G & A Guaranty", and a true copy of these items are attached as **Composite Exhibit "B"**, herein.

31. Under the G & A Guaranty, G & A unconditionally and jointly and severally guaranteed to repay all indebtedness, liabilities, and other obligations of TOWNHOUSE HOTEL under the Note, and all renewals, modifications, and extensions thereof, to CENTENNIAL, as successor by merger to LANDMARK BANK .

32. The G & A Guaranty described above is held by Plaintiff, CENTENNIAL BANK.

33. G & A MIAMI has not made payment when due despite written demand upon it for same.

34. CENTENNIAL BANK has declared the full amount under the Note to now be due and made demand on G & A MIAMI for all sums due. G & A MIAMI has since failed to make payment to CENTENNIAL BANK.

35. G & A MIAMI owes CENTENNIAL BANK under the Note and G & A Guaranty, the principal amount of $2,185,576.88* (*This figure does not include sums due for additional interest, attorneys' fees, and costs incurred toward collection of this debt to date for which G & A MIAMI, pursuant to the terms of the G & A Guaranty, is responsible. Interest accrues at the rate as set forth herein, which will accrue at the Default Rate as allowed under the

applicable loan documents).

WHEREFORE, Plaintiff, CENTENNIAL BANK, respectfully requests that the Court enter a judgment against Defendant, G & A MIAMI for damages, pre- and post-judgment interest, costs, and attorneys' fees, and such other and further relief as this Court deems just, equitable and proper.

### COUNT II – BREACH OF GUARANTY— YEHEZKEL

36. CENTENNIAL BANK hereby re-alleges those allegations contained in paragraphs 1 through 26 as if set forth fully herein.

37. On or about January 30, 2013, YEHEZKEL, individually executed and delivered in favor of LANDMARK BANK a Guaranty of Payment and Performance with respect to the Original Loan and Original Note ("Original YEHEZKEL Guaranty").

38. On or about September 21, 2016, as part of the above-described modification of the Original Loan and making of a future advance to TOWNHOUSE HOTEL, YEHEZKEL executed and delivered in favor of LANDMARK BANK a Ratification of Guaranty of Payment and Performance agreement ("YEHEZKEL Guaranty Ratification").

39. The Original YEHEZKEL Guaranty and the YEHEZKEL Guaranty Ratification are collectively the "YEHEZKEL Guaranty", and a true copy of these items are attached as **Composite Exhibit "C"**, herein.

40. Under the YEHEZKEL Guaranty, YEHEZKEL, individually unconditionally and jointly and severally guaranteed to repay all indebtedness, liabilities, and other obligations of TOWNHOUSE HOTEL under the Note, and all renewals, modifications, and extensions thereof, to CENTENNIAL, as successor by merger to LANDMARK BANK .

41. The YEHEZKEL Guaranty described above is held by Plaintiff, CENTENNIAL

BANK.

42. YEHEZKEL has not made payment when due despite written demand upon him for same.

43. CENTENNIAL BANK has declared the full amount under the Note to now be due and made demand on YEHEZKEL for all sums due. YEHEZKEL has since failed to make payment to CENTENNIAL BANK.

44. YEHEZKEL owes CENTENNIAL BANK under the Note and YEHEZKEL Guaranty, the principal amount of $2,185,576.88* (*This figure does not include sums due for additional interest, attorneys' fees, and costs incurred toward collection of this debt to date for which YEHEZKEL, pursuant to the terms of the YEHEZKEL Guaranty, is responsible. Interest accrues at the rate as set forth herein, which will accrue at the Default Rate as allowed under the applicable loan documents).

WHEREFORE, Plaintiff, CENTENNIAL BANK, respectfully requests that the Court enter a judgment against Defendant, YEHEZKEL for damages, pre- and post-judgment interest, costs, and attorneys' fees, and such other and further relief as this Court deems just, equitable and proper.

### COUNT III – BREACH OF GUARANTY— KRAMER

45. CENTENNIAL BANK hereby re-alleges those allegations contained in paragraphs 1 through 26 as if set forth fully herein.

46. On or about January 30, 2013, KRAMER, individually executed and delivered in favor of LANDMARK BANK a Guaranty of Payment and Performance with respect to the Original Loan and Original Note ("Original KRAMER Guaranty").

47. On or about September 21, 2016, as part of the above-described modification of the Original Loan and making of a future advance to TOWNHOUSE HOTEL, KRAMER executed and delivered in favor of LANDMARK BANK a Ratification of Guaranty of Payment and Performance agreement ("KRAMER Guaranty Ratification").

48. The Original KRAMER Guaranty and the KRAMER Guaranty Ratification are collectively the "KRAMER Guaranty", and a true copy of these items are attached as **Composite Exhibit "F"**, herein.

49. Under the KRAMER Guaranty, KRAMER, individually unconditionally and jointly and severally guaranteed to repay all indebtedness, liabilities, and other obligations of TOWNHOUSE HOTEL under the Note, and all renewals, modifications, and extensions thereof, to CENTENNIAL, as successor by merger to LANDMARK BANK.

50. The KRAMER Guaranty described above is held by Plaintiff, CENTENNIAL BANK.

51. KRAMER has not made payment when due despite written demand upon him for same.

52. CENTENNIAL BANK has declared the full amount under the Note to now be due and made demand on KRAMER for all sums due. KRAMER has since failed to make payment to CENTENNIAL BANK.

53. KRAMER owes CENTENNIAL BANK under the Note and KRAMER Guaranty, the principal amount of $2,185,576.88* (*This figure does not include sums due for additional interest, attorneys' fees, and costs incurred toward collection of this debt to date for which KRAMER, pursuant to the terms of the KRAMER Guaranty, is responsible. Interest accrues at the rate as set forth herein, which will accrue at the Default Rate as allowed under the applicable

applicable loan documents).

WHEREFORE, Plaintiff, CENTENNIAL BANK, respectfully requests that the Court enter a judgment against Defendant, KRAMER for damages, pre- and post-judgment interest, costs, and attorneys' fees, and such other and further relief as this Court deems just, equitable and proper.

Dated 14th day of August, 2020.

Respectfully submitted,

THOMAS P. ANGELO
Florida Bar No. 749400
tpa@angelolaw.com
JAMES W. CARPENTER
Florida Bar No. 654256
jwc@angelolaw.com
ANGELO & BANTA, P.A.
515 East Las Olas Boulevard—Suite 850
Fort Lauderdale, FL 33301
Telephone:   954-766-9930
Facsimile:   954-766-9937
Attorneys for Plaintiff, CENTENNIAL